IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DRAKE A. DUNN,

    Plaintiff,

    v.

    Case No. 22-3245-JWL-JPO

ERIC WILLIAMS, ET AL.,

    Defendants

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is a prisoner at the Sedgwick County Jail. He proceeds pro se, and his fee status is pending.

### Nature of the Complaint

Plaintiff names six persons as defendants: (1) Eric Williams, a judge in the District Court of Sedgwick County; (2) (fnu) Kurr, a judge; (3) Jason Reser, a Wichita, Kansas, police officer; (4) Amanda Harrison, a corrections officer employed by the Kansas Department of Corrections; (5) Kevin Smith, a judge in the District Court of Sedgwick County; and (6) Barbara Dunn, identified both as a civilian and a judge pro tem.

The allegations in the complaint are summarized as follows:

First, plaintiff claims that defendant Williams entered judgment in a child in need of care (CINC) case in December 2017 and ordered plaintiff to sign a document terminating his parental rights.

Second, plaintiff claims that defendant Dunn acted as a pro tem judge on a CINC case and a domestic case, that she participated in the kidnapping of plaintiff's children, that she committed an aggravated sexual assault on them by taking them to a local hospital for examination, and that she has forged several documents on several occasions while serving pro tem.

Third, plaintiff claims that defendant Kurr found him guilty in 2019 and 2022 of violating protection from abuse (PFA) orders while knowing the documents were fraudulent. He also claims defendant Kurr conspired with other, unnamed defendants and participated in a pattern of racketeering. Finally, he claims he is incarcerated due to defendant Kurr's order.

Fourth, plaintiff claims that defendant Reser refused to assist him in recovering his property and purposely destroyed some of his property, and that on March 12, 2022, defendant Reser used a taser on plaintiff, subjecting him to excessive force.

Fifth, plaintiff claims that defendant Smith signed a 2018 journal entry convicting him of burglary. He claims this "coercion" forced him to enter a plea agreement.

Sixth, plaintiff claims defendant Harrison revoked his parole and did so without providing him with counsel. He claims she falsely accused him of violating a PFA order before it was issued and that she engaged in a pattern of racketeering and conspiracy.

Plaintiff seeks declaratory and injunctive relief, reversal of the termination of his parental rights, costs, and damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court has conducted an initial review of the complaint under these standards and has identified several deficiencies.

First, judges have absolute immunity from civil lawsuits based on their conduct within their judicial role. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967). This immunity "is

an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Two exceptions exist. First, a judge is not immune from liability for "actions not taken in the judge's judicial capacity," and second, a judge is not immune for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). The actions of defendants Williams, Kurr, and Smith all appear to be actions associated with their judicial roles, and there is no allegation that suggests these actions were not performed in the absence of jurisdiction. Accordingly, these defendants are subject to dismissal.

Next, to the extent plaintiff asserts claims against defendant Dunn for actions taken as a judge pro tem, she also is shielded by absolute judicial immunity. Plaintiff does not explain when his additional allegations of kidnapping and an assault occurred, and his claim that this defendant committed a sexual assault by taking his children to a hospital to be examined appears to be both unsupported and malicious. Plaintiff must supply specific allegations of fact to proceed on these claims.

Third, plaintiff's claims against defendant Reser concerning access to his property and the use of a taser against him must be supported by additional factual allegations to explain when these events occurred and the surrounding circumstances.

Fourth, plaintiff's claim that defendant Harrison revoked his parole does not explain when this occurred or whether plaintiff sought relief through state law remedies. If plaintiff alleges that his present confinement is illegal, he must pursue relief in the state courts and then, if necessary, he may pursue relief in federal habeas corpus.

Fifth, plaintiff alleges defendants Kurr and Harrison participated in conspiracy and racketeering, although it is not clear to what acts he refers or whether he claims these defendants participated jointly or in entirely separate acts. Plaintiff must provide factual support for these claims.

Finally, it appears that the allegations in the complaint may refer to unrelated events. Although he proceeds pro se, plaintiff must comply with the procedural rules that govern all civil

actions in the District of Kansas, namely, the Federal Rules of Civil Procedure and the Local Rules for the District of Kansas. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The court will allow plaintiff to file an amended complaint to address the deficiencies in his complaint, but he must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. Id. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

prisoner may file without prepayment of the required fees."). Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.  The court advises plaintiff that the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. Of Denver Sheriff's Dept.,* 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties any be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). If plaintiff wishes to pursue separate actions against different defendants for unrelated events, he may request additional forms from the clerk of the court. Plaintiff is advised that a separate fee obligation must be assessed in each action.

## Conclusion

For the reasons set forth, the court directs plaintiff to submit an amended complaint on the court-approved form provided with the notice of deficiency issued on October 12, 2022. The amended complaint should address the deficiencies addressed in this order. If plaintiff fails to submit an amended complaint that cures the deficiencies, this matter may be dismissed without additional notice for the reasons explained in this order.

THE COURT THEREFORE ORDERS that plaintiff shall submit an amended complaint on or before **November 21, 2022**, in compliance with the directions in this order.

IT IS SO ORDERED.

Dated: October 24, 2022                    /s/ John W. Lungstrum
                                           JOHN W. LUNGSTRUM
                                           UNITED STATES DISTRICT JUDGE

7