IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DRAKE A. DUNN,

    **Plaintiff,**

    v.                                                                                              CASE NO. 22-3245-JWL-JPO

ERIC N. WILLIAMS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas. The Court grants Plaintiff's motion for leave to proceed in forma pauperis. On October 24, 2022, the Court entered a Memorandum and Order (Doc. 3) ("M&O") granting Plaintiff until November 21, 2022, in which to submit an amended complaint to cure the deficiencies set forth in the M&O. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 4). The Court's screening standards are set forth in the M&O.

Plaintiff's allegations involve his state court child in need of care proceedings, the termination of his parental rights, his violations of protection from abuse orders, and his state criminal cases. The Court found in the M&O that Plaintiff's claims against the defendant judges were subject to dismissal based upon judicial immunity. (Doc. 3, at 3–4.) Plaintiff's Amended Complaint continues to name the following judges as defendants: Eric. N. Williams, Sedgwick County District Judge; William Kehr, City of Wichita Municipal Judge; and Kevin M. Smith, Sedgwick County District Judge. Plaintiff's claims against these defendants are dismissed based

upon judicial immunity as set forth in the M&O.

Plaintiff also names his parole officer, Amanda Harrison, as a defendant. He claims that she revoked Plaintiff's parole on October 22, 2021,[1] without counsel or reasonable grounds to do so. (Doc. 4, at 5.) Plaintiff alleges that this violated the Sixth Amendment and caused him emotional distress. *Id*. at 8. "The Sixth Amendment right to counsel does not normally attach to parole revocation hearings." *Young v. Deland*, 940 F.2d 1539, 1991 WL 151769, at *4 (10th Cir. 1991) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)); *see also Maule v. Crawford*, 2009 WL 559876, at *13 (W.D. Mich. 2009) ("The Sixth Amendment right to counsel does not extend to parole revocation hearings.") (citing *see, e.g., Tiner v. Poppell,* 1993 WL 309877 at * 1 (5th Cir. May 12, 1993) ("an inmate does not have a Sixth Amendment right to counsel at a parole revocation hearing since such a hearing is not a 'criminal proceeding' "); *Morrissey,* 408 U.S. at 480 ("revocation of parole is not part of the criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"); *Stanley v. Brooks,* 2007 WL 1113522 at *4 n. 3 (W.D. Pa. April 12, 2007) ("[b]ecause a parole revocation proceeding is not a 'criminal prosecution,' there is no Sixth Amendment right to counsel at a parole revocation hearing"); *Scott v. United States,* 473 F.3d 1262, 1264 (8th Cir. 2007) (recognizing that the Sixth Amendment right to counsel applies to "trial and critical pre-trial stages" of the prosecution)).

"[I]f a probationer suffers from an intellectual deficit then he does have a Sixth Amendment right to effective counsel at his parole revocation hearing." *Young*, 1991 WL 151769, at *4 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973)). Plaintiff has not alleged that he suffers from an intellectual deficit, nor has he alleged a plausible due process

---

[1] Although Plaintiff references October 22, 2022, as the operative date, later in his pleadings he indicates that the events happened in October of 2021. *See* Doc. 4, at 17–18.

violation. In the M&O, the Court found that if Plaintiff alleges that his present confinement is illegal, he must pursue relief in the state courts and then, if necessary, he may pursue relief in federal habeas corpus. (Doc. 3, at 4.)

Plaintiff also names Jason Reser, Wichita Police Officer, as a defendant. Plaintiff claims that Reser arrested Plaintiff without cause, refused to assist Plaintiff in obtaining his property back, and destroyed his belongings. (Doc. 4, at 5.) Plaintiff also alleges that Reser drew his taser against Plaintiff and used excessive force. *Id*. at 7, 19. Plaintiff alleges that Reser arrived when Barbara Dunn notified the police that Plaintiff was at her home in violation of the protection from abuse order. *Id*. at 19. Plaintiff claims that he was attempting to retrieve his property from Barbara Dunn's home and Reser would not assist him. *Id*. Plaintiff also claims that Reser did not properly inventory his property, and when Plaintiff's mother went to retrieve the property it had already been destroyed. *Id*. at 20–21.

Plaintiff has failed to allege a claim against Reser. Plaintiff does not dispute that a protection from abuse order was in effect and he went to Barbara Dunn's home in violation of the order. The fact that Reser "drew" his taser does not show a use of excessive force. Courts have found that merely drawing and pointing a taser, without the malicious purpose of inflicting gratuitous fear, does not give rise to a claim of excessive force. *See Brown v. Moore*, 2014 WL 4410178, at *3 (W.D. Ark. 2014) (if "the act of drawing and pointing a gun loaded with bullets does not violate the Fourth Amendment, then the act of drawing and pointing a gun charged with electricity can hardly give rise to a claim of excessive force.") (citation omitted); *Guilford v. Frost*, 269 F. Supp. 3d 816, 829 (W.D. Mich. 2017) ("The Sixth Circuit has 'never found that pointing a taser, as opposed to actually discharging one, constitutes the use of excessive force.'") (citing *Evans v. Plummer*, 687 F. App'x 434, 442, 2017 WL 1400495, at *6 (6th Cir. 2017); *see,*

3

*e.g.*, *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 364 (6th Cir. 2013) (holding show of force, including pointing a taser, did not violate the Fourth Amendment in part because the plaintiff had "repeatedly disobeyed lawful officer commands")). Plaintiff has failed to give any additional factual allegations to support a plausible claim against Reser.

Plaintiff's property claim is also dismissed. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

Plaintiff also names Barbara Dunn as a defendant. Nothing in the Amended Complaint suggests that Barbara Dunn was acting under color of state law. It appears that this defendant is a private citizen that was involved in Plaintiff's child in need of care and protection from abuse proceedings in state court. Plaintiff claims that Defendant Dunn "manipulat[ed] the system into obtaining child custody by using arbitrary and deceptive tactics." (Doc. 4, at 5.) Plaintiff also mentions that Defendant Dunn's petitions for termination of Plaintiff's parental rights were granted and that she was the victim and the petitioner in a protection from abuse case against Plaintiff. *Id*. at 5, 10–14; Doc. 4–1, at 20, 30, 36.

Plaintiff has not shown that Defendant Dunn was acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff's Amended Complaint fails to sufficiently allege Defendant Dunn was acting under color of state law, this Court lacks jurisdiction over this Defendant under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim."). Although Plaintiff does not allege that this individual was a witness, "all witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior trial." *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) (citing *Briscoe v. LaHue,* 460 U.S. 325 (1983)). Plaintiff's claims against Defendant Barbara Dunn are dismissed.

Plaintiff seeks punitive damages from each defendant, and "relief of the termination of his parental rights, and a reversal of all illegal sentences imposed." (Doc. 4, at 9.) Plaintiff seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

To the extent Plaintiff challenges the validity of his sentences in his state criminal cases, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for

a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff's Amended Complaint fails to cure the deficiencies in the M&O and fails to state a valid claim for relief. Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 5) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk is directed to place pages 1–7 of Doc. 4–1 under seal.

**IT IS SO ORDERED**.

**Dated November 30, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE